C. N. NORTON V. IDA M. BRUCE.

No. 15,338.    (95 Pac. 389.)

SYLLABUS BY THE COURT.

CONTRACTS — *Signature Induced by Fraud* — *Finding Supported by Evidence.* The maker of a bill of sale (a woman whose husband was in custody on a criminal charge at the time of its execution) testified that she signed it because the grantee told her that other persons were getting out papers to sell her out—take everything she had—and that he was her friend and would hold the property for her for a few days and then return it. He kept it, however, for his own benefit. *Held,* that there was sufficient evidence to support a finding that her signature was fraudulently obtained.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed April 11, 1908. Modified.

*Prigg & Williams,* for plaintiff in error.

The opinion of the court was delivered by

MASON, J.: Ida M. Bruce recovered a judgment in a replevin action against C. N. Norton for the return of two horses and for damages for their detention, and the defendant prosecutes error. The plaintiff had executed a bill of sale to the defendant which, if valid, was fatal to her recovery, but which she claimed had been fraudulently obtained. On review it is maintained that there was no evidence whatever of any fraud having been practiced upon her. On the stand she gave this account of the transaction, which was practically all the evidence bearing upon the question of fraud: Her husband was in jail, charged with having stolen a horse which he had sold to Norton; the bill of sale purported to indemnify Norton against loss in that connection; Norton told her that there were other persons getting out papers to sell her out—take everything she had—and that he was her friend and would hold the horses for her for a few days and then return them to her; under these circumstances she

signed the bill of sale and turned over the horses to Norton, who kept them for his own benefit.

The defendant contends that the representations which the plaintiff says were made to her were not of such a character as to vitiate the bill of sale if they were false, and that there was no evidence that they were not true.  The contention is unsound.  If the plaintiff told the truth she was misled as to the purpose and effect of the instrument she was asked to sign—the transaction was wholly different from what she was led to believe.  While there was no direct evidence that other persons were not in fact preparing to proceed against her, the jury were warranted in inferring from the subsequent conduct of Norton that the story to that effect was an invention.

The evidence showed that one of the horses had been returned to the plaintiff before the trial.  Notwithstanding this the judgment, doubtless through inadvertence, was rendered for the return of both or for their value, which was fixed at $125, the amount not being apportioned between the two animals.  It is not clear that any prejudice could result to the defendant from a formal order for the return of the horse which he had already delivered, but the value of the one he retained should have been separately fixed, as a measure of the plaintiff's recovery in case no return of it could be had.  This defect, however, can be remedied by a modification of the judgment upon the present record.  The values of the horses were fixed in the replevin affidavit at $75 and $50 respectively.  The only evidence on the subject of value corresponded with these figures.  Manifestly, therefore, the jury in fixing the aggregate value at $125 adopted these estimates and in effect found that the animal still in the possession of the defendant was worth $75.  The case is therefore remanded, with directions that the judgment be corrected so as to provide for the return of this animal or for the recovery of $75 if a return cannot be had.